UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARIS LIFE SCIENCES, LTD., and CARIS SCIENCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SAI SYSTEMS INTERNATIONAL, INC., and CARIS HEALTH, LLC, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> SEPTEMBER 13, 2016 |

## **COMPLAINT**

Plaintiffs Caris Life Sciences, Ltd. ("Caris Life Sciences") and Caris Science, Inc. ("Caris Science") (Caris Life Sciences and Caris Science being referred to collectively herein as "Plaintiffs"), by and through their undersigned counsel, complain against defendant SAI Systems International, Inc. and defendant Caris Health, LLC (collectively "Defendants") as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement and false designation of origin under the Lanham Act (15 U.S.C. §1051 *et seq.*). As set forth more fully below, Plaintiffs are the owners of registered and common law trademarks and other intellectual property rights associated with their CARIS Marks. As set forth more fully herein, Defendants have adopted and are offering services under a designation – "Caris Health" – which is confusingly similar to Plaintiffs' CARIS Marks (the "Infringing Caris Designations"). Defendants' adoption and use of the Infringing Caris Designations has and is causing confusion in the marketplace, is damaging Plaintiffs, and is causing damage to the value of Plaintiffs' trademark rights, as alleged herein.

2. In addition to a recovery of damages, wrongful profits, costs and attorneys' fees as provided under the Lanham Act, Plaintiffs also seek an injunction against Defendants' use of the Infringing Caris Designations in any fashion in connection with medical, oncological or other health care services, in order to prevent Defendants from further infringing any of Plaintiffs' trademarks.

## THE PARTIES

3. Caris Life Sciences is a limited liability company organized and existing under the laws of the State of Texas, with a corporate address of 6655 North MacArthur Blvd, Irving, Texas 75039-2443. In conjunction with Caris Science, Caris Life Sciences markets, distributes, and sells various types of medical, oncological, analytical, diagnostic, testing and other services to a wide range of medical offices, physicians, oncologists, hospitals and associated health care entities and other health care market participants. Caris Life Sciences' services are offered and sold under the CARIS Marks and associated registered and common law trademarks described more fully below.

4. Caris Science is a corporation duly organized and existing under the laws of the State of Texas, with a corporate address of 6655 North MacArthur Blvd, Irving, Texas 75039-2443. In conjunction with Caris Life Sciences, Caris Science markets, distributes, and sells various types of medical, oncological, analytical, diagnostic, testing and other services to a wide range of medical offices, physicians, oncologists, hospitals and associated health care entities and other health care market participants. Caris Science's services are offered and sold under the CARIS Marks and associated registered and common law trademarks described more fully below.

5. Upon information and belief, Defendant SAI Systems International, Inc. d/b/a Caris Health ("SAI") is a Connecticut corporation with its principal place of business at 5 Research Drive, Shelton, Connecticut, 06484, and having as a registered agent for service of process Mr. Charles P. Difazio, residing at 207 Middle Haddam Road, Middle Haddam, Connecticut 06456. SAI is individually, jointly and severally liable for the tortious and infringing conduct alleged herein.

6. Upon information and belief, Defendant Caris Health, LLC ("Caris Health") is a Connecticut limited liability company with its principal place of business at 5 Research Drive, Shelton, Connecticut 06484, and having as a registered agent for service of process Mr. Ramesh Wadhwani, residing at 2 Brook Pine Drive, Shelton, Connecticut 06484. Caris Health is individually, jointly and severally liable for the tortious and infringing conduct alleged herein.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, Title 15 of the U.S. Code, Section 1051 *et seq.*, and jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 28 U.S.C. § 1331 (actions arising under the laws of the United States), 15 U.S.C. § 1121 (actions arising under the Lanham Act), and 28 U.S.C. § 1338 (actions arising under an Act of Congress relating to trademarks).

8. This Court has personal jurisdiction over defendants SAI and Caris Health because the Defendants are domiciled in and are residents of the State of Connecticut and this judicial district, because the Defendants have conducted their unlawful and damaging commercial activity in the State of Connecticut and in this judicial district, and because the Defendants' unlawful commercial activity in this judicial district has damaged Plaintiffs as set forth more fully herein.

9. As set forth more fully herein, Defendants' offering of services under the Infringing Caris Designations infringes Plaintiffs' trademark and other intellectual property rights. Such misconduct originates from this judicial district and has caused damage to Plaintiffs that arises in this judicial district.

10. Pursuant to 28 U.S.C. § 1391, this court is the appropriate venue for this action, because (1) a substantial part of the events giving rise to the claims at issue in this litigation occurred in this judicial district, causing damage and injury to Plaintiffs and their valuable intellectual property rights, and (2) because Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

A. **THE CARIS TRADEMARKS**

11. Caris Science is the owner of the entire right, title and interest in and to the following United States Federal Trademark Registrations (collectively referred to as the "CARIS Registered Trademarks"):

| Registration Number | Trademark Image | Classes of Goods/Services | Registration Date |
|---|---|---|---|
| Reg. No. 3,967,291 | CARIS LIFE SCIENCES | Medical diagnostic, theranostic, prognostic and analysis services, namely, pathology diagnostic services | May 24, 2011 |

| Registration Number | Trademark Image | Classes of Goods/Services | Registration Date |
|---|---|---|---|
| Reg. No. 3,948,808 | CARIS LIFE SCIENCES | Medical screening services; medical diagnostic testing, monitoring and reporting services; pathology diagnostic services; prognostic analysis services; theranostic analysis services | Apr. 19, 2011 |
| Reg. No. 3,951,903 | CARIS LIFE SCIENCES | Medical screening services; medical diagnostic testing, monitoring and reporting services; pathology diagnostic services; prognostic analysis services; theranostic analysis services | Apr. 26, 2011 |
| Reg. No. 3,945,317 | CARIS REGISTRY | Health care services, providing a centralized database in the field of molecular diagnostics to allow oncologists to acquire and share molecular tumor profiling and clinical outcomes within a collaborative, secured environment, all for treatment and diagnostic purposes | Apr. 12, 2011 |
| Reg. No. 4,076,187 | CARIS BIOREPOSITORY | Diagnostic testing of human specimens for medical purposes, namely, medical diagnostic monitoring, testing and reporting services and molecular diagnostic testing services | Dec. 27, 2011 |

12. Attached to this complaint as **Exhibit A** are true and correct copies of printouts of Registration Certificates obtained from the United States Patent and Trademark Office ("USPTO") website evidencing the ownership of the CARIS Registered Trademarks. The CARIS Registered Trademarks are all valid, subsisting, unrevoked, uncancelled and enforceable.

13. The Registration Certificates attached hereto in Exhibit A constitute prima facie evidence of (i) the validity of the CARIS Registered Trademarks and (ii) Plaintiffs' exclusive right to use those marks in connection with the services identified therein.

14. Several of the CARIS Registered Trademarks are now incontestable pursuant to the provisions of 15 U.S.C. § 1065.

15. The registration of the CARIS Registered Trademarks provides legal and sufficient notice to Defendants of Plaintiffs' ownership of and exclusive rights in those marks.

16. Since at least 2006, Plaintiffs have provided medical, oncological, analytical, testing and other services to a wide range of medical offices, physicians, hospitals and associated health care entities and other health care market participants under the CARIS Registered Trademarks.

17. Plaintiffs' continuous and nationwide use of the CARIS Registered Trademarks has enabled Plaintiffs to achieve well-known and established goodwill under its CARIS Registered Trademarks in the medical, oncological, analytical, testing and other healthcare services markets.

18. Plaintiffs have expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the CARIS Registered Trademarks. As a result, Plaintiffs' services, which are offered under the CARIS Registered Trademarks, are widely recognized and exclusively associated by customers, healthcare service providers, the healthcare industry and the public as being high quality services provided from Plaintiffs.

19. The CARIS Registered Trademarks are inherently distinctive.

20. The CARIS Registered Trademarks have been continuously used since the date of first use and have never been abandoned.

21. In addition to the CARIS Registered Trademarks, Plaintiffs have developed substantial rights in other components of the CARIS Marks, including common law trademarks for CARIS *simpliciter* and other CARIS-formative marks (together with the CARIS Registered Trademarks, the "CARIS Marks").

22. Since 2005, Plaintiffs have been using the CARIS Marks to identify their services to the consuming public in connection with medical, oncological, analytical, diagnostic, testing and other services to a wide range of medical offices, physicians, oncologists, hospitals and associated health care entities and other health care market participants.

23. As a result, Plaintiffs have developed and own currently common law trademark rights in and to the CARIS name in the health care and medical services industry.

24.     Based on Plaintiffs' established common law rights in the CARIS mark, Plaintiffs have filed an application to register CARIS *simpliciter* with the United States Patent and Trademark Office, Serial No. 87,079,140.

25.     Plaintiffs currently offer medical and diagnostic testing services, including oncological care services, to customers and prospective customers in all fifty (50) states of the United States, including customers in New York and Connecticut.

26.     Plaintiffs render services under the CARIS Marks to thousands of customers each year throughout the United States, and Plaintiffs recognize substantial amounts of revenue each year in connection with Plaintiffs' services offered under the CARIS Marks.

27.     The CARIS Marks are inherently distinctive and the CARIS Marks have developed an association with Plaintiffs' services in the minds of the consuming public.

28.     The CARIS Marks are featured prominently in the marketing, advertising, and promotion of Plaintiffs' services, on Plaintiffs' website and correspondence and marketing materials, and at industry trade shows. Over the last five (5) years, Plaintiffs have expended significant amounts on sales and marketing to promote Plaintiffs' services, which efforts have prominently featured the CARIS Marks. The CARIS Marks are highly distinctive nationwide symbols of service quality that are uniquely associated with Plaintiffs and Plaintiffs' services in the medical and healthcare industry.

**B.     DEFENDANTS' INFRINGING ACTIVITIES AND UNLAWFUL CONDUCT**

29.     Defendants have directly engaged in conduct, and/or have indirectly facilitated such conduct, which infringes Plaintiffs' rights through the use of the confusingly similar Caris Health Designation in connection with medical or healthcare services, including specifically oncological management services (the "Infringing Services").

30.     Upon information and belief, Defendants adopted the Infringing Caris Designations at least as early as December 2015, while at least having constructive notice of Plaintiffs' prior adoption, use and registration of the CARIS Marks.

31. Upon information and belief, Defendants first began using the Infringing Caris Designations in January 2016, a date subsequent to Plaintiffs first use of the CARIS Marks and first registration of the CARIS Registered Trademarks.

32. Without authorization, consent or knowledge from Plaintiffs, Defendants have adopted and upon information and belief are actively using the Infringing Caris Designations which incorporate an exact copy of Plaintiffs' CARIS Marks.

33. Without authorization, consent or knowledge from Plaintiffs, Defendants have adopted and upon information and belief are actively using the Infringing Caris Designations which are confusingly similar to Plaintiffs' CARIS Registered Trademarks, including but not limited to CARIS LIFE SCIENCES®, CARIS BIOREPOSITORY®, and CARIS REGISTRY®.

34. Upon information and belief, Defendants have attended the same trade shows in the medical and healthcare industry that Plaintiffs attend.

35. Upon information and belief, Defendants have advertised, promoted and offered the Infringing Services to many of the same customers or potential customers to whom Plaintiffs advertise, promote and offer Plaintiffs' services under the CARIS Marks.

36. Upon information and belief, Defendants' advertisement, offering and/or rendering of the Infringing Services, and Defendants' use of the Infringing Caris Designation, has caused actual confusion among relevant consumers in the health care and medical services marketplace.

37. Defendants' unauthorized use of the Infringing Caris Designations in connection with the Infringing Services has caused, is causing, and is likely to cause confusion and to deceive the consuming public as to the source, origin, and/or sponsorship of the Infringing Services offered by Defendants. Defendants' actions have misled and are further likely to mislead the consuming public into believing that Defendants' Infringing Services originated from or are sponsored or endorsed by Plaintiffs, or that there is some authorized connection between Plaintiffs and Defendants, thereby causing Plaintiffs irreparable harm.

38. In July 2016, Plaintiffs provided Defendants with actual notice of Plaintiffs' trademark rights in and to the CARIS Marks, including notice of the CARIS Registered Trademarks, and demanded that Defendants cease and desist from their rendering of Infringing Services.

39. Upon information and belief, at all times since July 2016, Defendants have willfully and knowingly advertised, promoted, offered for sale and sold the Infringing Services despite prior notice of Plaintiffs' rights in and to the CARIS Marks and the substantial goodwill of Plaintiffs associated therewith.

40. Upon information and belief, Defendants' use of the confusingly similar Infringing Caris Designations has caused and is causing harm to Plaintiffs in the health care and medical services marketplace, and is causing damage to Plaintiffs' established and valuable goodwill in the CARIS Marks.

41. Defendants' conduct has also caused, and will continue to cause, irreparable harm to Plaintiffs' valuable intellectual property rights, for which there is no adequate remedy at law and for which Plaintiffs are entitled to injunctive relief and damages.

42. Upon information and belief, in connection with their rendering of the Infringing Services, Defendants have accepted payment for the Infringing Services and have profited wrongfully therefrom and have been unjustly enriched as a result.

43. Defendants use of the identical and/or confusingly similar Infringing Caris Designations in connection with the advertising, offer for sale, importation, distribution, and sale of the Infringing Services constitutes use "in commerce" without Plaintiffs' consent in violation of 15 U.S.C. §§ 1114 and 1116.

## COUNT I
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

44. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-43.

45. Plaintiffs own all right, title and interest in and to the CARIS Registered Trademarks, all of which are valid, subsisting and in full force and effect.

46. Defendants, without authorization from Plaintiffs, have used and are continuing to use the Infringing Caris Designations which are confusingly similar to one or more of the CARIS Registered Trademarks.

47. Upon information and belief, Defendants were aware of or purposefully contrived to avoid learning of Plaintiffs' rights in the CARIS Registered Trademarks, and alternatively Defendants failed to cease their use of the Infringing Caris Designation upon learning of Plaintiffs' rights in the CARIS Registered Trademarks.

48. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Services are genuine or authorized services of Plaintiffs.

49. Defendant' acts constitute trademark infringement in violation of Sections 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

51. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT II
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(A))

52. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-43.

53. For at least the last ten (10) years, Plaintiffs have been using the CARIS Marks to identify their services to the consuming public in connection with medical, oncological, analytical, testing and other services to a wide range of medical offices, physicians, hospitals and associated health care entities and other health care market participants.

54. Plaintiffs have expended substantial sums of money in advertising, marketing and promoting Plaintiffs' services in connection with the CARIS Marks, and as a result the relevant consuming public now strongly associates the CARIS name with Plaintiffs' services.

55. As a result of the foregoing, Plaintiffs have developed substantial common law trademark rights in and to the CARIS name, as well as to the other CARIS-formative marks referenced herein, in the health care and medical services industry.

56. Defendants, without authorization from Plaintiffs, have adopted and are using the Infringing Caris Designations which directly incorporate Plaintiffs' CARIS marks and which are causing and which is likely to cause confusion among the consuming public.

57. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Services are associated with or endorsed or sponsored by Plaintiffs.

58. Defendant' acts constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

60. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and (ii) Defendants' actions were willful and done with actual knowledge of and intentional disregard for Plaintiffs' rights;

  B. Preliminarily and permanently enjoining Defendants, their officers, agents, employees, and attorneys and all those persons or entities in active concert or participation with them, pursuant to 15 U.S.C. 1116(a) and Rule 65 of the Federal Rules of Civil Procedure, from using the Infringing Caris Designation or any other designation that incorporates components of, or is confusingly similar to, Plaintiffs' CARIS mark or the CARIS Registered Trademarks;

  C. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action which has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Plaintiffs, or is related in any way with Plaintiffs and/or its products;

  D. Ordering Defendants to account to and pay to Plaintiffs all profits realized by their infringing activities, and also awarding Plaintiffs its actual damages;

  E. Declaring that this an exceptional case within the meaning of the Lanham Act and directing that the award of such profits and damages be trebled, and awarding Plaintiffs its costs, attorney's fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

  F. Awarding Plaintiffs prejudgment interest on any monetary award made part of the judgment against Defendant; and

  G. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

### TRIAL BY JURY IS REQUESTED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs requests a trial by jury of any issues so triable.

PLAINTIFFS-CARIS LIFE SCIENCES, LTD. AND CARIS SCIENCE, INC.

*Of Counsel:*

Charles A. Burke (NCSB No. 19366)
Stephen F. Shaw (NCSB No. 41582)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
300 North Greene Street, Suite 1900
Greensboro, NC 27401
Telephone: 336-574-8052
Facsimile: 336-574-4521
E-Mail: cburke@wcsr.com, stshaw@wcsr.com

_____
Michael J. Donnelly (ct07974)
mdonnelly@murthalaw.com
Melissa A. Federico (ct28278)
mfederico@murthalaw.com
MURTHA CULLINA LLP
CityPlace I, 185 Asylum Street
Hartford, Connecticut 06103-3469
Direct: 860-240-6058
Fax: 860-240-5858

*Their Attorneys*